Williams, J.,
 

 concurring. It is sometimes difficult to keep legal phraseology truly expressive of legal concepts. The governmental function of the assessment and appraisement of property is in no sense a judicial proceeding. In the earlier days it was carried on effectively without direct appeal to the courts, the decisions of officers and boards charged with valuing property for that purpose being final and conclusive.
 
 Wagoner
 
 v.
 
 Loomis,
 
 37 Ohio St., 571. Moreover in the
 
 *580
 
 appraisement of property for taxation the auditor has been held to be merely a ministerial officer.
 
 Musser, Aud.,
 
 v.
 
 Adair,
 
 55 Ohio St., 466, 45 N. E., 903. In later days a direct appeal to the courts has been afforded through the medium of legislation. Now it is sometimes said that proceedings before boards, such as the Board of Tax Appeals, are gmm-judicial. That term signifies that the administrative boards from which an appeal may be taken act similarly to a court, to wit, witnesses are examined, a hearing is had and a finding or decision made all in accordance with statutory authority. Whether a board acts quasi-]udicially or ministerially it acts administratively. Such a board, however, does not become a court; it is still an administrative board.
 

 Rule-making is akin to legislation but, lawfully and constitutionally exercised, is not legislation. If the G-eneral Assembly could delegate legislative power it could meet, pass on its duties to previously or newly created administrative boards and adjourn
 
 sine die,
 
 leaving legislation to such created agencies. Yet action taken by a board in adopting a valid rule is not justiciable by a court on review. The validity of a rule can be determined only when that question arises in connection with a matter that is justiciable. A rule fixing what improvements are to be permanently considered part of the real estate for purposes of taxation is pure legislation and invalid. Likewise from the making of such a void rule there could be no valid appeal of any kind. But the question of appealability is a justiciable one and, whether the rule in controversy here be valid or invalid, appeal does not lie.
 

 For the reasons given the appeals should be dismissed.